UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------X

JASON LYONS,

                          Plaintiff,                    16 Civ. 2036

          -against-                                     OPINION

MICHAEL DANTUONO, individually, and as
trustee of the Bennington Family Island
Trust, and RANDOLPH J. MITTASCH, individually
and as trustee of the Bennington Island Trust,

                          Defendants.

---------------------------------------------X

A P P E A R A N C E S:

Attorneys for Plaintiff

BECKER & POLIAKOFF LLP
45 Broadway, 8th Floor
New York, NY 10006
By: Oliver Edwards, VII, Esq.

Attorneys for Defendants

DAVIDOFF HUTCHER & CITRON LLP
200 Garden City Plaza, Suite 315
Garden City, NY 11530
By: Mark E. Spund, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/15/16

**Sweet, D.J.**

Defendants Michael Dantuono ("Dantuono") and Randolph J. Mittasch ("Mittasch"), individually and as trustees of the Bennington Island Trust (the "Trust," collectively "Defendants") have moved pursuant to Rules 12(b)(1) and 12(b)(6) Fed. R. Civ. P. to dismiss the complaint of plaintiff Jason Lyon ("Plaintiff" or "Lyon"). Based on the conclusions set forth below, Defendants' motion to dismiss is granted.

**Prior Proceedings**

Plaintiff filed his complaint on March 18, 2016 alleging one count of breach of contract based on Defendants failure to pay their full obligations under the original contract between the parties.

The instant motion was taken on submission and marked fully submitted on July 14, 2016.

**Facts**

1

Plaintiff filed his complaint on March 18, 2016
alleging one count of breach of contract based on Defendants
failure to pay their full obligations under the original
contract between the parties.

Plaintiff and the Trust entered into a Stock Purchase
Agreement ("SPA") on December 11, 2013 under which the Trust
agreed to purchase 843,815 shares of common stock of Standard
Metals Processing, Inc. ("SMPR") for a purchase price of
$421,907.50.  Complaint ("Compl.") at ¶¶ 6-7.

Upon or shortly after closing, the Trust made an
initial payment of $200,000 for the stock.  Compl. at ¶ 9.  On
June 25, 2014, the parties entered into an Amended and Restated
Stock Purchase Agreement.  Compl. at ¶ 10.  The Trust offered
additional consideration in exchange for the delay in payment.
The purchase price was increased to $446,907.50, of which
$246,907.50 was still payable because of the $200,000 initial
payment.  Compl. at ¶ 12.

On March 4, 2015 Plaintiff and the Trust entered
another amended Stock Purchase Agreement ("Second Amended
Agreement") concerning this sale of stock.  The parties dispute

2

the circumstances surrounding this agreement, though the actual
agreement was annexed to this motion as Exhibit C.   (Dantuono
Aff., Ex. C.)   In exchange for no consideration, Plaintiff
conveyed to the Trust 462,991 shares of stock for $245,200,
which the March 4, 2015 agreement stated Plaintiff "has received
full payment for the Purchase Price."   (Dantuono Aff., Ex. C.)
Plaintiff alleges that the Trust's lawyer, Stephanie Gruenhagen
contacted Plaintiff and they agreed that if Lyons would split
the deal, that Gruenhagen would help find a buyer for the other
portion of Plaintiff's shares.   The only evidence of this oral
agreement in the actual amended agreement is the intention that
"The Purchaser and Seller will execute another set of documents
for the purchase of the remaining shares."   (Dantuono Aff., Ex.
C.)


        The Trust has been unable to deposit these shares of
stock because Plaintiff has not provided certain required
documentation to the Trust's brokerage firm, which would prove
that the shares were validly issued.   Plaintiff is required to
provide this documentation under Section 4(b) of the Stock
Purchase Agreement and its subsequent amendments.   (Dantuono
Aff., Ex. C, Section 4(b).)

3

Plaintiff alleges breach of contract to collect for the unpaid portion of the original purchase price for the outstanding shares, which amounts to $246,907.50.

**The Applicable Standard**

On a motion to dismiss pursuant to Rule 12(b), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks omitted).

4

Additionally, while "a plaintiff may plead facts
alleged upon information and belief 'where the belief is based
on factual information that makes the inference of culpability
plausible,' such allegations must be 'accompanied by a statement
of the facts upon which the belief is founded.'" *Munoz-Nagel v.
Guess, Inc.*, No. 12-1312, 2013 WL 1809772, *3 (S.D.N.Y. Apr. 30,
2013) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120
(2d Cir. 2010)); *Prince v. Madison Square Garden*, 427 F. Supp.
2d 372, 384 (S.D.N.Y. 2006); *Williams v. Calderoni*, No. 11-3020,
2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012)). The pleadings,
however, "must contain something more than . . . a statement of
facts that merely creates a suspicion [of] a legally cognizable
right of action." *Twombly*, 550 U.S. at 555 (citation and
internal quotation omitted).

**The Court Can Review the March 2015 Amended Agreement**

On a motion to dismiss, Defendants must show that
Plaintiff has not pled a valid claim on which relief can be
granted. Here, Defendants argue that Plaintiff failed to state
a valid claim for breach of contract because a 2015 Second
Amended Agreement makes the claim made in the Complaint moot.

5

In opposition, the Plaintiff argues that the 2015
Second Amended Agreement is invalid because of an oral contract
formed between Gruenhagen and Lyons to find a buyer for the
outstanding unsold shares.  Plaintiff argues that this oral
contract required Defendants to find a buyer for the outstanding
shares as a condition precedent to the 2015 Second Amended
Agreement.

The 2015 Second Amended Agreement was not mentioned
nor attached to the Complaint and therefore the Court must first
decide if it can consider the March 4, 2015 Second Amended
Agreement on this motion to dismiss.  "In considering a motion
to dismiss for failure to state a claim pursuant to Rule
12(b)(6), a district court may consider the facts alleged in the
complaint, documents attached to the complaint as exhibits, and
documents incorporated by reference in the complaint." *DiFolco
v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  Since
the 2015 Second Amended Agreement was not alleged in the
Complaint nor attached as an exhibit, it can only be considered
if it was incorporated by reference.

In a similar case, a District Court determined it
would not consider a Stock Purchase Agreement submitted by the

6

Defendant on a motion to dismiss because it had not been
attached to the complaint. *Cortec Industries, Inc. v. Sum
Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).  However, the
Second Circuit overturned the decision because while the Stock
Purchase Agreement and other documents were not attached to the
complaint, they should be considered on a motion to dismiss
because these were documents "plaintiffs had either in its
possession or had knowledge of and upon which they relied in
bringing suit.  It did not lack notice of those documents; these
papers were integral to its complaint." *Id.*  Likewise, in this
case Plaintiff had possession and knowledge of the March 2015
Second Amended Stock Purchase Agreement. *Id.*  Further, while
the Second Amended Agreement may not substantiate Plaintiff's
claim for breach, it is integral to the facts alleged in the
Complaint.  Further, "even if a document is 'integral' to the
complaint, it must be clear on the record that no dispute exists
regarding the authenticity or accuracy of the document."
*Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).  Here,
Plaintiff has not raised any issues concerning the authenticity
of the Second Amended Agreement.


**The March 2015 Amended Agreement Is a Valid Substitute Agreement**


7

Once considering the March 2015 Amendment, the parties
dispute whether the complaint states a valid cause of action for
breach of contract.  The parties dispute whether the
conversation between Gruenhagen and Lyons should invalidate the
fully executed March 4, 2015 Second Amended Agreement.

The parol evidence rule "prohibits the introduction of
extrinsic evidence to vary or add to the terms of contract,
especially where such contract contains a merger clause." *NAB
Const. Corp. v. Consolidated Edison Co. of New York, Inc.*, 222
A.D.2d 381, 381, 636 N.Y.S.2d 37, 38 (1st Dep't 1995).  This
rule often "precludes introduction of a purported oral
agreement." *Id.*  In this case, the alleged oral agreement is
parol evidence, particularly in light of the merger clause
defining that "This Agreement constitutes the entire agreement
among the Parties . . . There are no restrictions, promises . .
. other than those set forth herein." (Dantuono Aff., Exs. B
and C, Section 5(d).)  This is a valid merger clause and
precludes the parol evidence of a conversation between
Gruenhagen and Lyons.

The Court must determine whether the Second Amended
Agreement was valid since there was no consideration to the

8

seller to split the stock purchase. "[T]he parties may intend that a new agreement, though executory, will immediately discharge the existing obligation. That is a substituted agreement." *Denburg v. Parker Chapin Flattau & Klimpl*, 82 N.Y.2d 375, 384, 624 N.E.2d 995, 604 N.Y.S.2d 900 (1993) (internal citations omitted). In this case, the Second Amended Agreement is a substituted agreement because it did immediately discharge the existing obligation with an intention that "The Purchaser and Seller will execute another set of documents for the purchase of the remaining shares." (Dantuono Aff., Ex. C.) This statement of the parties' future intent is merely illusory and is not binding. The only valid agreement between the parties is the sale of half of the shares (462,991) for the purchase price of $245,200.

The Plaintiff has not stated a valid cause of action for breach of the 2014 First Amended Stock Purchase Agreement because the Second Amended Agreement provides that "the Seller has received full payment for the Purchase Price" of the 462,991 shares and the only remaining obligation between the parties that they "will execute another set of documents for the purchase of the remaining shares" is not binding.

9

**Conclusion**

Based on the conclusions set forth above, Defendants'
motion to dismiss is granted.

It is so ordered.

New York, NY,
November /4/, 2016

ROBERT W. SWEET
U.S.D.J.

10